AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Cody Michael Tarner ) | Case No.   20-mj-137 (DAR)/(GMH) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

- ❒ History of violence or use of weapons
- ☑ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ☑ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant requested that he be released with the condition of reporting either in person or telephonically.  He emphasized that he has no criminal record and is a veteran.  He also proffered that he had previously resided at a residential group home and that he could be placed on a waiting list to live there again.  He noted further that, during the commission of the charged offense, there is no evidence that he fled, and he was the only one injured.  He also proffered that, if he were convicted, under the Sentencing Guidelines he would face less incarceration because he had not set fire to a dwelling or building, and he would likely face a maximum of just over two years of incarceration. He also emphasized the ongoing coronavirus pandemic and proffered that his injuries place him at increased risk.  Lastly, Defendant noted that there is no evidence he used methamphetamine, and that if the paraphernalia the government recovered from his vehicle was marijuana-related, the Court should not consider that as a factor weighing against his release because the use of marijuana is legal in the District of Columbia.

Nature and circumstances of offense(s):

Defendant is charged with arson and destruction of property of the United States based on the allegation that he poured gasoline on three police vehicles and lit one of them on fire.  These are serious and dangerous offenses, so this factor weighs heavily in favor of pretrial detention.  In the afternoon of July 15, 2020, Defendant allegedly parked his vehicle in an employee-only parking space on Supreme Court grounds.  He then walked around the Capitol Building and the Supreme Court building for a few minutes before returning to his vehicle and taking out a canister.  He then poured gasoline onto three unmarked Supreme Court Police Department vehicles and lit one of the vehicles on fire.  Although the vehicles were unmarked, they did have visible emergency police lights.  Two of the vehicles were damaged by the fire, and one appeared to be a total loss.  Defendant was also severely burned in the incident and required first aid from a Supreme Court Police officer.

The strength of the government's evidence:

The evidence against Defendant is very strong, so this factor also weighs in favor of pretrial detention.  The government proffered that surveillance videos capturing the entire charged offense show Defendant pouring a liquid–later determined to be gasoline–onto the vehicles and igniting one of them.  In addition, Defendant sustained injuries to his person and damage to his clothing consistent with having been burned.  The arson suspect was identified at the scene as Defendant based on his driver's license and military identification card; he also identified himself by name.  Law enforcement confirmed that the suspect in the surveillance footage appeared to be the same individual to whom first aid was administered and who identified himself as Defendant.  Notably, after receiving his *Miranda* warnings, Defendant admitted to purchasing gasoline in Pennsylvania for the purpose of the instant offense and to intentionally committing arson and destruction of U.S. property.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Defendant appears to be a military veteran, and may have been a nuclear engineer for the U.S. Navy. He also has no known criminal record. However, these positive characteristics are outweighed by his recent and escalating hostility towards law enforcement and the government, his mental health and possible substance abuse issues, and the fact that he does not have a fixed address where he could reside and be monitored. The government proffered that, over the last few months, Defendant has had numerous interactions with law enforcement, during which he has made statements along the lines of demanding money from the government, indicating that he knows how to make bombs, and indicating that he would or wanted to set off bombs or that law enforcement officers would do so. He also admitted to purchasing gasoline in a different state for the purposes of committing the instant offense, which indicates his decision to commit arson was planned and not a momentary lapse in judgment. In addition, two of his acquaintances expressed concern to law enforcement over his violent rhetoric and possible use of methamphetamine. For these reasons, this factor also weighs in favor of pretrial detention.

The defendant's dangerousness/risk of flight:

Defendant has espoused violent rhetoric over the last several months and has posted such rhetoric to a social media page, including statements apparently encouraging others to join him in attacks. Thus, the danger posed by Defendant's release is not only that he would engage in similar conduct to that charged–or which he has previously threatened–but also that would encourage others to engage in such conduct. Defendant allegedly set multiple vehicles on fire in a parking lot belonging to the Supreme Court, which is incredibly dangerous conduct, as clearly evidenced by the severe injuries Defendant sustained in the incident. More, this alleged conduct demonstrates that Defendant is willing to act on his threats, and that his aggression seems to have escalated beyond mere statements. This, combined with his mental health and possible substance issues and lack of a fixed address cause the undersigned to have no confidence that he would comply with release conditions set by this Court, including that he report as necessary for court proceedings.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: September 4, 2020

United States Magistrate Judge