UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-CR-183 (RCL) |
| v. | |
| CODY TARNER, | *Not this be filed.*<br>*Rogers Lollete*<br>*U.S.D.J. 1/9/24* |
| Defendant. | |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.   Summary of the Plea Agreement**

Defendant Cody Tarner (herein "Defendant") agrees to admit guilt and enter a plea of guilty to Count One of the pending Indictment: Count One charging Arson, in violation of 18 USC § 844(i).

**II.   Elements of the Offenses**

**Count One:** To prove that the defendant is guilty of Arson in violation of 18 USC § 844(i), the government must prove the following:

1. That the defendant maliciously damaged and destroyed, or attempted to damage and destroy, by means of fire and explosive materials, to vehicles and their contents, that is, a 2016 Ford Interceptor, a 2017 Ford Expedition, and a 2012 Ford Econoline, property of the Supreme Court of the United States Police Department and the United States Federal Government, used in and affecting interstate commerce;

2. That the defendant did so by means of fire and explosive materials; and

3. That at the time of the fire and explosive materials, to vehicles and their contents,

1

that is, a 2016 Ford Interceptor, a 2017 Ford Expedition, and a 2012 Ford Econoline, property of the Supreme Court of the United States Police Department and the United States Federal Government, used in and affecting interstate commerce.

Maliciously means that the defendant acted either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly.

A piece of property is "used in an activity affecting interstate commerce" if the property is actively employed for commercial purpose, and that active employment has an effect on interstate commerce.

The defendant need not have been aware that the property was used in an activity affecting interstate commerce for you to find him guilty.

### III.     Penalties for the Offenses

**Count One**: The penalty for Arson, in violation of 18 U.S.C. § 844(i), is:

(A)     a term of imprisonment of a minimum term of five years and the maximum term of 20 years;

(B)     a fine not to exceed $250,000;

(C) a term of supervised release of not more than three years, after any period of incarceration; and

(D)     a special assessment of $100.

2

### IV. Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

On July 15, 2020, the defendant drove onto the United States Supreme Court's property located at 1 First Street Northeast, Washington D.C., and parking his vehicle in an employee only parking spot. The defendant got out of his car and walked around the Supreme Court property. The defendant then returned to his car and pulled out a red gas can. At approximately 1:48 PM, the defendant was observed on security camera footage pouring gasoline onto three Supreme Court Police unmarked vehicles parked in Supreme Court employee only parking spaces.



0-202-07-15 13-43-00-300 at 13:47:45 elapsed time

While pouring the gasoline on the vehicles, it was observed that some of the gasoline was splashing onto his person and clothing. The unmarked vehicles had emergency police lights visible from the outside of the vehicles, and one of the vehicles had emergency police lights on the roof of the vehicle. The defendant was then seen lighting one of the vehicles on fire resulting in a violent ignition of the

3

gasoline.



0-202-07-15 13-43-00-300 at 13:47:58 elapsed time

This action resulted in the defendant being engulfed in the fire causing severe burns and injuries to himself.



0-202-07-15 13-43-00-300 at 13:47:59 elapsed time

Officer Grable, an officer with the Supreme Court Police Department, was on the First Street

4

sidewalk of the Supreme Court on a fixed security post where she observed smoke and flames and heard a large explosion near the intersection of First Street and Maryland Avenue, Northeast. Officer Grable observed Tarner walking away from the explosion with burns and smoke coming from his clothing. Officer Grable called for assistance and started administering first aid to Tarner. The defendant admits and acknowledges that he caused damage by fire and explosive materials, to vehicles and their contents, that is, a 2016 Ford Interceptor, a 2017 Ford Expedition, and a 2012 Ford Econoline, property of the Supreme Court of the United States Police Department and the United States Federal Government, used in and affecting interstate commerce.

During post arrest interviews, defendant admitted that he was the person that intentionally started the fire with 87 octane unleaded gasoline he had purchased in Pennsylvania for that purpose. The investigation revealed that Tarner had had several encounters with law enforcement in which he has expressed what can be referred to as anti-government and militia extremist ideologies. Tarner has claimed to be the leader of a particularly identified militia group. Tarner has told multiple local and federal law enforcement agencies that he was the leader of the group and has created an online Facebook group page named after the identified militia group.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes.

This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which he is pleading guilty.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ Emory V. Cole
EMORY V. COLE
PA Bar No. 49136
Assistant United States Attorney
Federal Major Crimes Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7692
JAMES D. PETERSON
Trial Attorney
United States Department of Justice

6

## Defendant's Acceptance

I have read this Statement of Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: 1/9/24

CODY TARNER
Defendant

## Defense Counsel's Acknowledgment

I am Cody Tarner's defense attorney. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

1/9/24
Date

Alexis Morgan Gardner, Esq.
Sonia Fleury, Esq.
Attorneys for the Defendant